# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER JESSUP | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | **CIVIL ACTION NO.** |
| GINA RAIMONDO, | § § § | |
| *Defendant.* | § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. This is a discrimination and retaliation claim brought under the Americans with Disabilities Act, 42 U.S.C. §12101, and 42 U.S.C. §12203 for conduct exercised by the Defendant and Defendant's agents in relation to the employment of the Plaintiff, Jennifer Jessup. Plaintiff's claims are against Defendant US Department of Commerce and in support thereof, Plaintiff shows the Court as follows:

## JURISDICTION

2. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. 16.

## VENUE

3. Venue lies in the District of Columbia District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff is an individual and employee of Defendant who resides at 3205 Eagle Ridge Dr. Woodridge, VA 22191. Plaintiff serves as a Program Analyst, GS-0343-15.

5. The US Department of Commerce is an agency within the federal government located at 1401 Constitution Avenue, NW, Washington, DC 20230.

## BACKGROUND

6. At all relevant times, the Plaintiff was employed by Defendant as a Program Analyst, GS-0343-15.

7. At all times relevant to this complaint, Plaintiff has suffered from a medical disability (Ehlers-Danlos syndrome) which significantly impairs several major life activities, including walking, standing, lifting, sleeping sitting and concentrating. She requested reasonable accommodation for her disability in March 2015.

8. On April 24, 2015, Defendant granted to Plaintiff the following accommodations: three days a week of telework as well as situational telework when she experienced flare-ups; a flexible schedule when Plaintiff was in the office; and a designated parking space in the Ronald Reagan Building parking facility, paid for by the Defendant.

9. On numerous occasions between 2015 and 2018, management officials of Defendant disclosed information regarding Plaintiff's disability to individuals who did not have a need to know, including a former Deputy Chief Information Officer, the DOC Parking Coordinator and others.

10. Plaintiff's request for a conference line to participate remotely in meetings as a reasonable accommodation was denied, and CIO meetings were intentionally scheduled on days when Plaintiff was teleworking pursuant to her reasonable accommodation. Among other occasions, her requests for a conference line to attend meetings on April 6, 2015 and July 10, 2019 were denied.

11. In June 2017, because of her reasonable accommodation which allowed her to be out of the office three days a week, Plaintiff was forced to give up her private office, and begin sharing an office with another staff member. After being appointed to serve as an Office Director in late 2017, Plaintiff shared with management her concerns about sharing an office, and requested

an office commensurate with her position. Sharing an office interfered with Plaintiff's ability to hold private meetings with staff members. In June 2019, an office of one of her staff members was vacated, however, Plaintiff's supervisor decided to leave that office space vacant.

12. On or about May 6, 2020, Terri Ware, Deputy Chief Information Officer, issued her a proposed five- day suspension based on alleged usage issues related to her parking pass. Plaintiff noted that the entire basis for the investigation into her parking pass was a violation of her rights protected by the Rehabilitation Act.

13. Although Ms. Ware noted her awareness that Plaintiff's parking pass is an accommodation for her medical disability, she showed a deliberate indifference to the impact of pursuing the proposed suspension on her disability.

14. Despite Plaintiff's responding to the proposed suspension on June 9, 2020, she did not receive a decision to uphold the suspension until after she filed an EEO claim on November 11, 2020. Plaintiff, through her attorney, followed up with Mr. Mendez on October 2, 2020  Mr. Mendes issued his decision on the proposed five-day suspension and decided to "mitigate the proposed 5 calendar day suspension to a 3-calendar day suspension without pay".

15. Plaintiff has exhausted the administrative remedies. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 30 days after receiving the Final Agency Decision.

16. Plaintiff is an employee within the meaning of Rehabilitation Act. Plaintiff is disabled, as defined by the Rehabilitation Act (Rehab Act), 29 U.S.C. § 701 et seq.

17. Defendant as a federal agency, is an employer within the meaning of the Rehab Act. See 29 U.S.C. § 791.

18. Defendant intentionally discriminated against plaintiff because of her disability in violation of the Rehab Act. Defendant failed to effectively accommodate Plaintiff's disability and wrongfully disciplined her because she of the legitimate use of her reasonable accommodation.

19. Defendant failed to participate in an interactive process to address if reasonable accommodations were available.

20. Defendant engaged in retaliatory conduct when Plaintiff was given a Proposed Five-day Suspension and served a three-day Suspension.

21. The Defendants' handling of Plaintiff's disability and its process was not thorough and designed to ultimately force Plaintiff out of her job. See 42 U.S.C. § 12112.

22. This claim is entered as a continued action, which did not conclude until Plaintiff's Final Agency Decision, dated September 17, 2021, which found no discrimination with regard to Plaintiff's claims.

## CAUSES OF ACTION

### COUNT 1 – DISABILITY DISCRIMINATION

23. Plaintiff restates and incorporates paragraph 1 through 22 as if fully set forth herein.

24. Defendant violated §501 of the Rehabilitation Act when it denied her reasonable accommodation for her disability, and disciplined her for the use of the parking pass she was granted as a reasonable accommodation.

25. Plaintiff was denied the opportunity to attend meetings when she was denied a conference line for participating in meetings and when meetings were intentionally scheduled on days when she was teleworking.

26. Even after the submission of ADA paperwork, the Defendant failed to make reasonable accommodations when the Plaintiff needed them.

27. Defendant is engaged in an industry affecting commerce and has had 15 or more employees during the relevant time period.

28. Plaintiff has a disability.

29. Because of the Defendant's actions, Plaintiff suffered damages within the Court's jurisdictional limits.

### COUNT 2 – FAILURE TO ACCOMMODATE

30. Plaintiff restates and incorporates paragraph 1 through 29 as if fully set forth herein.

31. Plaintiff has a disability.

32. Plaintiff requested reasonable accommodations, including regular telework, situational telework, a parking pass and a conference line to attend meetings remotely. Her requests were only partially granted.

33. Defendant failed to engage in the reasonable accommodation process to determine the feasibility or impact of the Plaintiff's request.

34. Because of the Defendant's actions, Plaintiff suffered damages within the Court's jurisdictional limits.

### COUNT 3 – RETALIATION

35. Plaintiff restates and incorporates paragraph 1 through 34 as if fully set forth herein.

36. On May 6, 2021, after her request for a parking pass as a reasonable accommodation was granted, and after Plaintiff had established a pattern of repeatedly requested additional accommodations, Plaintiff was investigated and suspended because of alleged improper use of the parking pass. The pass was not used by any employees except Plaintiff and her husband.

37. Plaintiff engaged in a protected activity when she requested reasonable accommodations for a physical disability.

38. Because of the Defendant's actions, Plaintiff suffered damages within the Court's jurisdictional limits.

## IV . DAMAGES

39. Plaintiff incorporates each of the foregoing paragraphs.

40. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

   a) injunctive relief;

   b) actual damages;

   c) compensatory damages;

   d) equitable relief, including reinstatement to the previous position;

   e) punitive damages;

   f) court costs;

   g) reasonable attorney's fees;

   h) back pay, front pay, and other compensation for wages lost as a result of job loss; and

i) pre- and post-judgment interest at the maximum rate allowed by law.

41. As a result of the unlawful retaliation, the Plaintiff seeks compensatory and punitive damages under section 21.2585 of the Texas Labor Code, including the statutory maximum for compensatory damages per Section 21.2585(d)(4).

## ATTORNEYS' FEES AND COSTS

42. Plaintiff incorporates each of the foregoing paragraphs.

43. To redress the injuries sustained by the Plaintiff on account of Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent her in this action.

44. Plaintiff, therefore, seeks recovery of her reasonable attorney's fees, expert fees, and costs under Texas Labor Code section 21.259.

## JURY DEMAND

45. Plaintiff demands a trial by jury and the necessary fees have been tendered.

## REQUESTS FOR DISCLOSURE

46. Pursuant to Rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose, within 14 days of service of this request, the information or material described in the above referenced rule.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon the final trial of this matter, that all relief requested be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Kendrick E. Bradley, Esq.*

Kendrick E. Bradley
Federal Bar No.
Texas Bar No. 24101542
K.E. Bradley Law
7070 Knights Ct, Ste 601
Missouri City, TX 77459
TEL. (832) 539-8802
kendrick@kebradleylaw.com
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1th day of November, 2021, I served a true and correct copy of the above Plaintiff's Responses to Defendant's First Written Discovery Requests to Charles Wilson, Counsel for Defendant through electronic mail.

Jennifer L. Hall

Civil Rights Director

512-424-6615

Mailing Address:

HHSC Civil Rights Office

701 West 51st Street, Suite 1650

Mail Code: W-206

Austin, Texas 78751

Signed:  */s/Kendrick E. Bradley, Esq.*

Kendrick E. Bradley